THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9  KHANH LE, *Guardian for Jacquelyn Le*,        CASE NO. C14-0060-JCC

10                                                ORDER
                          Plaintiff,
11            v.

12  FIREMAN'S FUND INSURANCE CO.,
    *et al.*,
13
                          Defendants.
14

15          This matter comes before the Court on Plaintiff Khanh Le's complaint (Dkt. No. 4), his

16  motion for a protective order (Dkt. No. 5), and his motion for court service (Dkt. No. 6). Having

17  thoroughly considered Plaintiff's complaint and motions, the Court DISMISSES Plaintiff's

18  complaint without prejudice and DENIES the pending motions.

19  **I.      BACKGROUND**

20          Mr. Khanh Le, who proceeds *pro se* on behalf of Ms. Jacquelyn Le, filed the proposed

21  complaint and motion to proceed *in forma pauperis* on January 13, 2014. (Dkt. No. 1.) On

22  January 22, 2014, Magistrate Judge Donohue granted Plaintiff's IFP motion and forwarded the

23  complaint to the undersigned. The complaint alleges that Fireman's Fund Insurance Company

24  ("Fireman's"), Attorney Randy Hess, and Attorney Barbara Christensen "presented me [Plaintiff

25  Jacquelyn Le] with a false settlement agreement and false trust in connection with the Superior

26  Court of California County of Orange Case Number 375600[.]" (Dkt. No. 4 at 2.) The complaint

1   further alleges that "Fireman's had my husband [Mr. Khanh Le] illegally apprehended for a

2   fraudulent no contact order[.]" (*Id.* at 2–3.) It is clear from the complaint that Mr. Le drafted the

3   statement of claims, but brings the claims solely on behalf of his wife, Ms. Jacquelyn Le.

4          Mr. Le requests $6.5 million in damages from Fireman's and $1 million from attorneys

5   Randy Hess and Barbara Christensen each in damages. (*Id.* at 3.) To support the one-paragraph

6   statement of claims, Mr. Le attached approximately 600 pages of documents which include trust

7   agreements and account statements for Ms. Le, but he nowhere explains how such documents

8   were fraudulent or how the Defendants' actions defrauded Ms. Le, whom Mr. Le purports to

9   represent. (*See* Dkt. No. 4 Exs. 1–7.) The Court notes that Mr. Le has filed multiple complaints

10  against Fireman's in the last year, each of which has been dismissed as frivolous. *See Khanh Le*

11  *v. Fireman's Fund Insurance Co.*, Case No. C14-0028-JLR, Dkt. No. 9 (W.D. Wash. 2014)

12  (order dismissing Mr. Le's claims as frivolous due to lack of subject matter jurisdiction); *Khanh*

13  *Le v. Fireman's Fund Insurance Co.*, Case No. C13-0376-RAJ, Dkt. No. 13 (W.D. Wash. 2013)

14  (order dismissing Mr. Le's complaint as frivolous because it failed to allege any state actor under

15  section 1983). Mr. Le also brought a lawsuit against the Sacramento County Sheriff and a

16  Sacramento Public Defender for an allegedly unlawful arrest that occurred when he visited

17  Sacramento and violated a restraining order preventing him from contacting Fireman's. *Khanh*

18  *Le v. Barbale*, Case No.C13-0694-MJP (W.D. Wash. 2013). That case was dismissed with

19  prejudice for failure to state a claim. (*Id.*)

20         Mr. Le now moves for a protective order—that is, to be protected from Defendants in the

21  pendency of the lawsuit because he lives his life in "constant, tremendous fear" and has

22  "nightmares every night about being apprehended for the fraudulent bench warrant created by

23  Fireman's Insurance Co. in cooperation with the Sacramento County Sheriff and the King

24  County Sheriff [.]" (Dkt. No. 5) Mr. Le also requests that the Court serve his complaint upon

25  Defendants. (Dkt. No. 6.)

26  //

ORDER
PAGE - 2

II.    **DISCUSSION**

Because Mr. Le proceeds *in forma pauperis*, the Court has authority to review his complaint and must dismiss it if, at any time, it is determined that the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1). Section 1915's screening authority applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). For the reasons explained herein, the Court finds that Mr. Le's complaint is frivolous and dismisses the complaint without prejudice.

1.    **Mr. Le May Not Represent Ms. Le's Interests as a *Pro Se* Litigant**

A party proceeding *pro se* has a right to represent his or own interests in federal court. *See* 28 U.S.C. § 1654. However, under Ninth Circuit precedent, individuals proceeding *pro se* have no authority to represent anyone other than themselves. *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (plaintiff proceeding *pro se* may only represent his or her own interests); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("[A]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.") (citation omitted). Accordingly, the Ninth Circuit has repeatedly concluded that *pro se* individuals may not bring claims in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (a guardian or parent may not bring suit in federal court on behalf of a minor or incompetent plaintiff without first retaining an attorney).

In his complaint, Mr. Le lists himself as Plaintiff only in a representative capacity for his wife, Ms. Jacquelyn Le. (Dkt. No. 4 (listing Khanh Le as Guardian for Jacquelyn Le).) The complaint then explains that the claims alleged are fraud claims on behalf of Ms. Le—that is, that Ms. Le was presented with a fraudulent settlement agreement and trust documents "in

1  connection with" a California case. (*Id.*) The statement of claims and 600 pages of exhibits deal

2  with an alleged fraud committed upon Ms. Le. However, Ms. Le has neither appeared in this

3  matter nor signed the complaint. In light of the Ninth Circuit's guidance, the Court will not allow

4  Mr. Le to pursue Ms. Le's claims *pro se*.[1] The complaint is accordingly dismissed without

5  prejudice. If Mr. Le wishes to serve as guardian ad litem for Ms. Le and prosecute her claims as

6  a representative plaintiff, he must obtain counsel and re-file his complaint.

7        **2.**       **Mr. Le's Motion for a Protective Order**

8        It is also clear to the Court that Mr. Le attempts to use this matter, which is purportedly

9  brought on behalf of Ms. Le, to relitigate issues already rejected in other lawsuits in this district.

10  Indeed, Mr. Le's "motion for a protective order" demonstrates that he is focused not upon the

11  alleged fraud committed upon Ms. Le, but with his allegedly false arrest by the Sacramento

12  Sheriff and an allegedly fraudulent bench warrant "created by Fireman's Fund Insurance Co. in

13  cooperation with the Sacramento County Sheriff and the King County Sheriff[.]" (Dkt. No. 5.)

14  Similar claims have been the subject of Mr. Le's complaints and motions for protective orders in

15  other cases in this district. *Khanh Le v. Fireman's Fund Ins. Co.*, Case No. C14-0028-JLR, Dkt.

16  No. 5 (W.D. Wash. Feb. 4, 2014) (motion for protective order against Fireman's "to stop them

17  from committing any further actions against me or my wife Jacquelyn Le"); *Khanh Le v.*

18  *Fireman's Fund Insurance Co.*, Case No. C13-0376-RAJ, Dkt. No. 9 (W.D. Wash. 2013)

19  (motion for temporary restraining order "to stop the harassing, threatening and intimidating

20  actions being committed against me by Fireman's Fund Insurance and their attorneys[,]

21  employees[,] or any other associates."); *Khanh Le v. Barbale*, Case No.C13-0694-MJP, Dkt. No.

22  36 (W.D. Wash. 2013) (motion for protective order to prevent all illegal actions by Sacramento

23

24  _____

25      [1] To the extent that Mr. Le brings such fraud claims in his own name, he alleges no facts whatsoever to suggest that he was defrauded. Further, identical claims by Mr. Le have already been rejected by Judge Jones. *See*

26  *Khanh Le v. Fireman's Fund Insurance Co*., Case No. C13-0376-RAJ, Dkt. No. 13 (W.D. Wash. April 16, 2013). To the extent the complaint is construed as being brought in Mr. Le's own interests, it utterly fails to state any claim for fraud.

County Sheriff). A complaint that merely repeats pending or previously litigated claims is subject to dismissal under section 1915. *See Cato*, 70 F.3d at 1105 n.2. Thus, to the extent that Mr. Le brings these claims on his own behalf and moves for a protective order, the Court finds that the contentions are merely repeat allegations as those in the other cases that have already been dismissed. The Court need not continuously revisit the same issues and denies the motion for a protective order as moot in light of the dismissal of Plaintiff's complaint.

Finally, even if the Court were to address this motion as a motion for a temporary restraining order, the motion would be denied. A plaintiff seeking a TRO in federal court must meet the standards for issuance of a preliminary injunction and comply with Federal Rule of Civil Procedure 65. Accordingly, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). Here, Mr. Le has not demonstrated that he is entitled to injunctive relief. There is no basis to conclude that he is likely to succeed on the merits in light of the Court's analysis herein—that is, that Mr. Le cannot proceed on the claims he raises and has not actually raised any of his own claims for relief. Additionally, his protective order motion is merely a general request for safety; he fails to identify any harm suffered, actual threats made by the defendants, and the motion is primarily directed to entities that are not named as defendants in this lawsuit: the Sacramento County and King County Sheriffs Offices. (Dkt. No. 5.) Finally, the Court notes that Mr. Le has in no way complied with Federal Rule of Civil Procedure 65 or Local Rule 65, which require a plaintiff to serve the opposing party with the motion or certify in writing that efforts were made to do so. Fed. R. Civ. P. 65(b); Local Rules W.D. Wash. CR 65(b). Accordingly, the Court would find no basis to grant the requested relief.

//

//

1  **III.**    **CONCLUSION**

2          Because Mr. Khanh Le may not pursue the claims of Ms. Jacquelyn Le as a *pro se*

3  litigant and the complaint is otherwise devoid of any factual basis for the generalized "fraud"

4  allegation presented, the complaint is frivolous and fails to state a claim for which relief may be

5  granted. The Court hereby DISMISSES the complaint (Dkt. No. 4) without prejudice and

6  DENIES the pending motions (Dkt. Nos. 5, 6). The Clerk is respectfully directed to close the

7  case.

8          DATED this 12th day of March 2014.

9

10

11

12

13

14          _____

15          John C. Coughenour
           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26